UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| J. MICHAEL GRIFFIN and SANDY GRIFFIN, h/w | : : : | CIVIL ACTION |
| v. | : : | NO. 2:22-cv-739 |
| HOME DEPOT U.S.A., INC. t/d/b/a THE HOME DEPOT | : : | |

**NOTICE FOR REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §1441**

Defendant, Home Depot U.S.A., Inc. (misnamed above, in part, Home Depot U.S.A., Inc. t/d/b/a The Home Depot) ("Home Depot"), hereby submits notice to the United States District Court for the Western District of Pennsylvania of the removal of the above entitled action to this Court and, in support thereof, respectfully represents:

1. Home Depot is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business located in the State of Georgia.

3. Upon information, knowledge and belief, Plaintiffs, J. Michael Griffin (singularly, "Plaintiff") and Sandy Griffin (singularly, "Wife-Plaintiff") (collectively, "Plaintiffs"), are adult individuals, citizens, and residents of the Commonwealth of Pennsylvania, residing at 103 Walcott Drive, Gibsonia, PA 15044, and are domiciled at that address.

4. At all times material hereto, Home Depot was duly registered to do, and was doing, business in the Commonwealth of Pennsylvania.

5. On or about March 30, 2021, Plaintiff instituted the above action, by way of writ of summons. A Complaint was filed on or about April 4, 2022, a copy of which is attached hereto as Exhibit "A," in the Pennsylvania Court of Common Pleas, Allegheny County, No. GD-21-003056, seeking damages for injuries Plaintiffs purportedly sustained as a result of Defendants' alleged negligence.

6. Plaintiffs filed this matter in the major jury program, seeking damages in excess of $50,000.00, exclusive of interest and costs.

7. At the time the action was filed, Defendants did not have notice Plaintiffs' claim exceeded $75,000.00, exclusive of interest or costs. See Espinosa v. Allstate Ins. Co., CIV.A.07-0746, 2007 WL 1181020 (E.D. Pa. Apr. 16, 2007) (holding a plaintiff's complaint asserting damages in excess of $50,000.00 was not removable at the time it was filed); Bishop v. Sam's East, Inc., 2009 WL 1795316 (E.D. Pa., June 23, 2009) (holding that the filing of a complaint seeking damages in excess of the state court's arbitration limits does not suffice to place a defendant on notice that a plaintiff's claims meet the threshold level for diversity jurisdiction); Brown v. Modell's PA II, Inc., 2008 U.S. Dist. LEXIS 50083, 2 (E.D. Pa. Jul. 1, 2008) (complaint included allegations of lost wages and apparently serious medical injuries to his back, hand, and wrist that required several surgeries, "but it did not include any monetary amount of damages other than damages 'in excess of $ 50,000,'" which "did not put defendants on notice that the $75,000 amount in controversy requirement had been met") (internal citation omitted).

8. On April 18, 2022, Home Depot filed its answer and new matter, a copy of which is attached hereto as Exhibit "B," denying liability and asserting various affirmative defenses.

9. In ¶75 of its new matter, Home Depot asserted that the "value of Plaintiffs' alleged damages, if any, do not exceed $75,000.00, exclusive of interest and costs."

10. On April 26, 2022, Plaintiffs filed their reply to Defendant's new matter, a copy of which is attached hereto as Exhibit "C," denying the allegations in Defendant's new matter factually and as conclusions of law, including, without limitation, ¶75 thereof.

11. As prescribed in 28 U.S.C. § 1446(c)(3)(A):

> If the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in

    controversy in the record of the State proceeding, or in responses
    to discovery, shall be treated as an 'other paper' under subsection
    (b)(3).

12. Plaintiffs' reply to Defendant's new matter placed Defendant on notice that the amount in controversy exceeded $75,000.00, exclusive of interest and costs.

13. Plaintiffs' reply to Defendant's new matter constituted a "other paper" under 28 U.S.C. §1446(b)(3) and triggered the thirty (30) day removal period.

14. Diversity of citizenship exists between Plaintiffs, citizens and residents of the Commonwealth of Pennsylvania, where same are domiciled, and Defendant, a corporation organized and existing under the laws of the State of Delaware and having its principal place of business in the State of Georgia.

15. Diversity of citizenship existed at the time the action sought to be removed was commenced and continues to the time of the filing of this Notice. Therefore, as to said claim and cause of action, Defendant is entitled to removal pursuant to 28 U.S.C. §1441, *et seq*.

16. This Notice of Removal is timely under 28 U.S.C. §1446(b) as it is being filed within thirty (30) days after receipt of Plaintiffs' reply to Defendant's new matter, and within a year of the date on which the instant action was first instituted.

WHEREFORE, the above action now pending against Defendant in the Pennsylvania Court of Common Pleas, Philadelphia County, is removed therefrom to this Honorable Court.

Respectfully submitted,

CHARTWELL LAW

BY: *J. Grant Stringham*
J. GRANT STRINGHAM, ESQUIRE,
I.D. No. 319317
H. CARTON ROGERS, ESQUIRE,
I.D. No. 312393
130 No. 18th Street, 26th Floor
Philadelphia, PA  19103
(215) 972-5468

Attorneys for Defendant,
Home Depot U.S.A., Inc.

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | ) |
| | ) ss: |
| COUNTY OF PHILADELPHIA | ) |

## AFFIDAVIT

J. GRANT STRINGHAM, ESQUIRE, being duly sworn according to law, deposes and says that he is the attorney for Defendant; that he has read the foregoing Notice and knows the contents thereof; that he is authorized to make this Affidavit on behalf of Defendant; and, that the facts alleged in the Notice are true and correct to the best of her knowledge, information and belief.

Date: 05/18/2022

*J. Grant Stringham*
J. GRANT STRINGHAM, ESQUIRE

SWORN TO and SUBSCRIBED

Before me, this 18th day of

May , 2022.

*Dori Conway*
Notary Public
My Commission Expires:
Expires October 3, 2023
Commission Number 1236821