EXHIBIT A

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| MICHAEL GRIFFIN and SANDY GRIFFIN, husband and wife, | CIVIL DIVISION |
| | NO.: GD-21-003056 |
| Plaintiffs; | CODE: |
| | |
| Vs. | **COMPLAINT IN CIVIL ACTION** |
| | |
| HOME DEPOT, U.S.A., INC. t/d/b/a THE HOME DEPOT, | FILED ON BEHALF OF: <br> Plaintiffs, <br> Michael Griffin and Sandy Griffin |
| Defendant. | |
| | Counsel of Record for These Parties: |
| | SMT LEGAL |
| | Patrick W. Murray, Esq. <br> P.A. ID# 90996 <br> pmurray@smt.legal |
| | Jonathan M. Stewart, Esq. <br> P.A. ID# 87557 <br> jstewart@smt.legal |
| | 114 Smithfield St. <br> Pittsburgh, PA 15222 <br> (412) 765-3345 |
| | **JURY TRIAL DEMANDED** |

## NOTICE TO DEFEND

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served against you, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses and objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered without you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER [OR CANNOT AFFORD ONE], GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW [TO FIND OUT WHERE YOU CAN GET LEGAL HELP]. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.**

LAWYER REFERRAL SERVICE
THE ALLEGHENY COUNTY BAR ASSOCIATION
KOPPERS BUILDING
436 SEVENTH AVENUE
PITTSBURGH, PA  15219
TELEPHONE: 412-261-5555

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

MICHAEL GRIFFIN and SANDY
GRIFFIN, husband and wife,                          CIVIL DIVISION

        Plaintiffs,                          NO.: GD-21-003056
Vs.

HOME DEPOT, U.S.A., INC.
t/d/b/a THE HOME DEPOT,

        Defendant.

## COMPLAINT IN CIVIL ACTION

AND NOW, come the Plaintiffs, MICHAEL GRIFFIN and SANDY GRIFFIN, by and through their attorneys, SMT LEGAL, Patrick W. Murray, Esquire, and Jonathan M. Stewart, Esquire, and hereby file the within Complaint in Civil Action, and in support thereof aver as follows:

### I. PARTIES

1.     The Plaintiff, Michael Griffin (hereinafter "Plaintiff") is an adult individual who resides in Allegheny County at 103 Walcott Drive, Gibsonia, Pennsylvania 15044.

2.     The Plaintiff, Sandy Griffin (hereinafter "Plaintiff-wife") is an adult individual who resides in Allegheny County at 103 Walcott Drive, Gibsonia, Pennsylvania 15044.

3.     At all times material to this action, Plaintiff Michael Griffin and Plaintiff-wife Sandy Griffin were married to one another and lived together at the 103 Walcott Drive address.

4.    Defendant, Home Depot U.S.A., Inc, t/d/b/a The Home Depot (hereinafter "Defendant Home Depot") is a foreign corporation, with its headquarters located at 2455 Paces Ferry Road, Atlanta, Georgia 30339-4024.

5.    Defendant Home Depot has substantial contacts in the Commonwealth of Pennsylvania and does a large/significant amount of business therein, including the ownership and operation of numerous "Home Depot" stores throughout the Commonwealth.

6.    At all times material hereto, Defendant Home Depot owned, controlled and maintained a "Home Depot" store and property located in Allegheny County, at 4960 William Flinn Highway, Allison Park, Pennsylvania 15101, to which members of the public were invited.

7.    At all times material hereto, Defendant Home Depot owned and was responsible for the Home Depot store at which the subject accident occurred and acted through its agents, servants, and employees who were acting in the scope and course of their duties, agency and employment.

## II. JURISDICTIONAL STATEMENT

8.    This action arises under the laws of the Commonwealth of Pennsylvania and is within the subject matter of this Court.

## III. FACTS

9.    On or about April 3, 2019, Plaintiff, Michael Griffin, was a patron at Defendant Home Depot's store located at 4960 William Flinn Highway, Allison Park, Pennsylvania 15101.

10.     On the aforementioned date, Plaintiff was present at The Home Depot described *supra*, and was in the process of unloading a large piece of equipment on wheels from his trailer via a six (6)-foot ramp.

11.     Said trailer was exclusively owned by and was in the possession of Plaintiff.

12.     While Plaintiff was in the process of unloading the equipment, an employee of Defendant Home Depot inserted himself into the unloading process in an attempt to "assist" Plaintiff with the process.

13.     Plaintiff, however, specifically stated to the Defendant Home Depot's employee that he did not want assistance.

14.     Nonetheless, and despite Plaintiff's request that no assistance be provided, Defendant Home Depot's employee continued to forcefully insert himself into the unloading process.

15.     In attempting to "assist" Plaintiff, the Home Depot employee physically boarded and/or climbed onto the personal trailer owned by Plaintiff, without Plaintiff's consent or permission.

16.     Defendant's employee had no right to board Plaintiff's trailer, particularly in the face of Plaintiff's clearly expressed desire that Defendant's employee stay off the trailer.

17.     Due to Defendant Home Depot's employee's actions in boarding the trailer and attempting to "help" with the unloading process, Plaintiff was caused to misstep with his left foot and to be thrown from the trailer.

18.     Due to the unexpected nature of Plaintiff's falling and being thrown from the trailer, he had no time to respond or brace himself; he instead fell to the ground.

19.     Furthermore, due to Defendant's employee's negligence, directly following Plaintiff's fall, as Plaintiff lay upon the ground, the machine which he had been unloading was caused to fall from the trailer and land on top of Plaintiff.

20.     When Plaintiff was thrown from the trailer, and when the machine in question subsequently landed upon him, Plaintiff was caused to sustain serious bodily injuries as described *infra*, particularly to his head, left side and left upper extremity/shoulder.

21.     The acts and omissions as hereinafter set forth in each respective count were done by Defendant Home Depot individually and/or vicariously through its respective agents, servants and employees: in particular, the employee attempting to "assist" Plaintiff against Plaintiff's stated wishes, and while engaged in the course and scope of said employee's duties with Defendant Home Depot.

22.     Defendant Home Depot's actions and omission were the proximate cause of the injuries suffered by Plaintiff, Michael Griffin.

## IV.     COUNT I

### NEGLIGENCE/VICARIOUS LIABILITY

*(Michael Griffin v. Home Depot U.S.A., Inc., t/d/b/a The Home Depot)*

23.     Paragraphs one (1) through and including twenty-two (22), *supra*, are incorporated by reference as if the same were fully set forth at length herein.

24.     At all material times, Defendant Home Depot was the owner of the real property located at 4960 William Flinn Highway, Allison Park, PA 15101, and was responsible for, and in control of, the actions, inactions, and general conduct of its employees in relation to Defendant Home Depot's customers.

25.     At all times material and relevant hereto, Defendant Home Depot owed a duty to Plaintiff, Michael Griffin, and all others similarly situated, to exercise due care and caution to ensure that Plaintiff and all other patrons would be permitted to unload their trailers without interference by and/or incompetent and unsafe "assistance" on the part of Home Depot employees.

26.     At all times relevant herein, Defendant Home Depot knew and/or should have known of the probability of an injury resulting from its employees rendering "assistance" in a manner which was unsafe and/or incompetent.

27.     The injuries of Plaintiff and damages set forth herein were proximately caused by the negligence and carelessness of Defendant Home Depot, (individually and by and through its agents, servants, workmen, employees, acting within the scope of their authority, and in particular by its employee who "assisted" the Plaintiff in unloading his trailer) in general and in the following particulars:

  i. In providing, by and through the Home Depot employee referenced herein, incompetent and unsafe "assistance" to the Plaintiff;

  ii. In attempting, by and through the Home Depot employee referenced herein, to provide "assistance" against Plaintiff's expressed wishes that said employee refrain from doing so;

  iii. In boarding and climbing upon Plaintiff's personal trailer when he was expressly instructed not to do so;

  iv. In causing Plaintiff to lose his footing and fall to the ground, while "assisting" Plaintiff;

  v. In causing Plaintiff's machine to fall on top of Plaintiff, while "assisting" Plaintiff;

  vi. In failing, by and through the Home Depot employee referenced herein, to warn the Plaintiff that said employee was not able to render assistance safely;

  vii. In failing, by and through the Home Depot employee referenced herein, to secure additional assistance once it was apparent that said employee was unable to safely provide assistance to Plaintiff;

       viii. In failing to provide a safe store environment for patrons and invitees like the Plaintiff, by means of failing to ensure that patrons such as Plaintiff were permitted to safely unload their trailers;

       ix. In being, by and through the Home Depot employee referenced herein, inattentive to said employee's own actions and/or distracted while providing "assistance" to Plaintiff and;

       x. In being vicariously liable for the causal negligence of its employees, agents, and others, including, but not limited to, the Home Depot employee referenced herein.

28.    As a direct and proximate result of Defendant Home Depot's negligence described above, Plaintiff, Michael Griffin, suffered severe physical injuries all of which may continue for an indefinite time into the future and may be permanent, including, but not limited to the following particulars:

    a. Cerebral Concussion;

    b. Head pain;

    c. Left AC Joint Separation with complete rotator cuff tear;

    d. Left Biceps tendon rupture;

    e. Acute pain of left shoulder;

    f. Adhesive capsulitis of left shoulder;

    g. Left side pain;

    h. Left arm pain;

    i. Left arm abrasions;

    j. Chronic left shoulder pain;

    k. Decreased range of motion, left shoulder;

    l. Decreased strength, left shoulder; and,

    m. Other potential serious an/or permanent damage.

29.     In causing the aforementioned injuries, Defendant Home Depot knew, or should have known, that Plaintiff could or would suffer such harm due to the actions of the Home Depot employee referenced herein.

30.     As a further result of this accident, the Plaintiff has been and will be obliged to receive medical attention, including multiple surgeries, and may be obliged to continue to expend such sums of money and to incur such expenses for an indefinite period of time into the future and the Plaintiff seeks recovery for these damages.

31.     As a further result of this accident, the Plaintiff underwent multiple surgeries upon his left upper extremity.  Accordingly, Plaintiff may continue to require medical treatment as a result of the accident.

32.     As a further result of the accident, Plaintiff's earnings and capacity to earn has been impaired, and he is entitled to recovery for loss of earnings and for impairment of future earning capacity, and the Plaintiff seeks recovery for these items of damage

33.     As a further result of the accident, the Plaintiff has suffered severe physical pain, mental anguish, humiliation, and loss of enjoyment of life's pleasures, and he shall continue to suffer the same for an indefinite period of time into the future.

34.     As a further result of the accident, the Plaintiff's general health, strength and vitality have been seriously impaired.

WHEREFORE, Plaintiff, Michael Griffin, respectfully requests that judgment be entered in his favor, and against Defendant, in an amount in excess of, and not within, the jurisdictional arbitration limits of the Allegheny County Court of Common Pleas Arbitration Division.

## V.     COUNT II

### NEGLIGENCE

*(Michael Griffin v. Home Depot U.S.A., Inc. t/d/b/a The Home Depot)*

35.     Paragraphs one (1) through and including thirty-four (34), *supra*, are incorporated

by reference as if the same were fully set forth at length herein.

36.     Defendant Home Depot is independently liable to the Plaintiff for the personal

injuries and damages alleged, in that it was negligent in the following respects:

      a.  Defendant Home Depot negligently failed to maintain a proper safety program for its employees, including the Home Depot employee referenced herein;

      b.  Defendant Home Depot negligently failed to properly train and instruct its employees, including the employee referenced herein, with regard to the safe unloading of its patron's vehicles, including trailers;

      c.  Defendant Home Depot negligently failed to properly train and instruct its employees, including the employee referenced herein, to honor patrons' requests that employees not insert themselves into the unloading process;

      d.  Defendant Home Depot negligently failed to establish rules, regulations, policies and procedures regarding the unloading of its patrons' trailers at Home Depot locations; and,

      e.  Defendant Home Depot negligently failed to properly monitor and/or supervise its employees, including the employee referenced herein, to ensure that existing rules, regulations, policies and procedures regarding the unloading of its patrons' trailers were followed.

37.     As a direct and proximate result of Defendant Home Depot's actions, Plaintiff

Michael Griffin suffered the injuries and damages described in Paragraphs 28(a) through 28(m),

inclusive of all subparts thereto.

38.     As a direct and proximate result of the Defendant's negligence, described above,

Plaintiff, Michael Griffin, suffered severe physical injuries all of which may continue for an

indefinite time into the future and may be permanent, including those injuries set forth, *supra,* at Paragraphs 28(a) through 28(m).

39.     Defendant Home Depot knew, or should have known, that Plaintiff could or would suffer such harm due to its actions and failures to act.

40.     As a further result of this accident, the Plaintiff has been and will be obliged to receive medical attention, including multiple surgeries, and may be obliged to continue to expend such sums of money and to incur such expenses for an indefinite period of time into the future and the Plaintiff seeks recovery for these damages.

41.     As a further result of this accident, the Plaintiff underwent multiple surgeries upon his left upper extremity.  Accordingly, Plaintiff may continue to require medical treatment as a result of the accident.

42.     As a further result of the accident, Plaintiff's earnings and capacity to earn has been impaired, and he is entitled to recovery for loss of earnings and for impairment of future earning capacity, and the Plaintiff seeks recovery for these items of damage

43.     As a further result of the accident, the Plaintiff has suffered severe physical pain, mental anguish, humiliation, and loss of enjoyment of life's pleasures and he shall continue to suffer the same for an indefinite period of time into the future.

44.     As a further result of the accident, the Plaintiff's general health, strength and vitality have been seriously impaired.

WHEREFORE, Plaintiff, Michael Griffin, respectfully requests that judgment be entered in his favor, and against Defendant, in an amount in excess of, and not within, the jurisdictional arbitration limits of the Allegheny County Court of Common Pleas Arbitration Division.

## VI.   COUNT III

### LOSS OF CONSORTIUM

*(Sandy Griffin v. Home Depot U.S.A., Inc. t/d/b/a The Home Depot)*

45.     Paragraphs one (1) through and including forty-four (44), *supra*, are incorporated by reference as if the same were fully set forth at length herein.

46.     Plaintiff, Sandy Griffin is and, at all times pertinent hereto, was married to and resided with Plaintiff, Michael Griffin, at 103 Walcott Drive, Gibsonia, Pennsylvania 15044.

47.     Solely because of the negligence of the Defendant, as described *supra,* the Plaintiff, Sandy Griffin, has suffered the following damages:

    a.  She has been and may continue to be required to expend money for her husband's medical treatment and care, medical supplies, rehabilitation, medicines, and other attendant services;

    b.  She has been and may in the future be deprived of the services, assistance, and companionship of her husband.

WHEREFORE, the Plaintiff, Sandy Griffin, respectfully requests that judgment be entered in her favor, and against Defendant, in an amount in excess of, and not within, the jurisdictional arbitration limits of the Allegheny County Court of Common Pleas Arbitration Division.

Respectfully submitted,

SMT LEGAL

**JURY TRIAL DEMANDED**

Patrick W. Murray, Esq.
Jonathan M. Stewart, Esq.
*Attorneys for Plaintiffs*

## **VERIFICATION**

I, MICHAEL GRIFFIN, verify that the statements made in the foregoing pleading are true and correct to the best of my knowledge, information and belief.

I understand that false statements herein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

Date: 4/4/2022

Michael Griffin (Plaintiff)

DocuSign Envelope ID: 84863497-76FC-4091-BEB0-94EDD569E109

## VERIFICATION

I, SANDY GRIFFIN, verify that the statements made in the foregoing pleading are true and correct to the best of my knowledge, information and belief.

I understand that false statements herein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

Date: 4/4/2022

Sandy Griffin (Plaintiff)

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true and correct copy of the foregoing **COMPLAINT IN CIVIL ACTION** was served upon the following counsel of record via electronic mail, this 4th day of April 2022:

Anthony P. Trozzolillo, Esquire
J. Grant Stringham, Esquire
Chartwell Law
One Logan Square, 26th Floor
130 N. 18th Street
Philadelphia, PA 19103
atrozzolillo@chartwelllaw.com
jgrantstringham@chartwelllaw.com
*Attorneys for Defendant*

By*: /s/ Patrick W. Murray*
Patrick W. Murray, Esquire
*Attorney for Plaintiffs*