EXHIBIT B

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| J. MICHAEL GRIFFIN and SANDY GRIFFIN, husband and wife | CIVIL DIVISION |
| Plaintiffs, | Docket No. GD-21-003056 |
| v. | |
| HOME DEPOT U.S.A., INC. t/d/b/a THE HOME DEPOT; and THE HOME DEPOT, INC. | ANSWER AND NEW MATTER |
| | Filed on behalf of Defendants, Home Depot U.S.A., Inc. |
| Defendants. | |
| | Counsel of Record for this Party: |
| | Alan Wolfson, Esquire |
| | I.D. No. 74777 |
| | J. Grant Stringham, Esquire |
| | I.D.No. 319317 |
| | Chartwell Law |
| | 130 No. 18th Street, 26th Floor |
| | Philadelphia, PA 19103 |
| | Tel: (215) 972-5468 |
| | Fax: (215) 972-7008 |

**To Plaintiffs:**

**You are hereby notified to file a written response to the enclosed New Matter within twenty (20) days from service hereof or a judgment may be entered against you.**

**CHARTWELL LAW**

By: *J. Grant Stringham*

 J. Grant Stringham, Esquire
 Attorney for Defendant,
 Home Depot U.S.A., Inc.

CHARTWELL LAW
BY:  J. GRANT STRINGHAM, ESQUIRE
I.D. No. 319317
One Logan Square
130 No. 18th Street, 26th Floor
Philadelphia, PA  19103      Attorney for Defendant,
(215) 972-7006         Home Depot U.S.A., Inc.

_____

| | | |
|---|---|---|
| J. MICHAEL GRIFFIN and SANDY GRIFFIN, h/w | : | ALLEGHENY COUNTY COURT OF COMMON PLEAS |
| v. | : | NO. GD-21-003056 |
| HOME DEPOT U.S.A., INC. t/d/b/a THE HOME DEPOT, | : | |

## DEFENDANT'S ANSWER AND NEW MATTER

### ANSWER

  1.  Admitted in part, denied in part. It is admitted that Michael Griffin ("Plaintiff") is an adult individual and named plaintiff in the above-captioned matter; however, after reasonable investigation, Defendant, Home Depot U.S.A., Inc. (misnamed above, in part, Home Depot U.S.A., Inc. t/d/b/a The Home Depot) ("Home Depot"), is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained herein and therefore deny same and demand strict proof thereof, if material, at the time of trial.

2. Admitted in part, denied in part. It is admitted that Sandy Griffin ("Plaintiff-wife") is an adult individual and named plaintiff in the above-captioned matter; however, after reasonable investigation, Defendant, Home Depot is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained herein and therefore deny same and demand strict proof thereof, if material, at the time of trial.

3. Denied. After reasonable investigation, Home Depot is without knowledge or information sufficient to form a belief as to the truth of the averments contained herein and therefore denies same and demands strict proof thereof, if material, at the time of trial.

4. Admitted in part, denied in part. It is admitted that Home Depot is a corporation authorized to do business in the Commonwealth of Pennsylvania with headquarters located at 2455 Paces Ferry Road, Atlanta, Georgia 30339. The remaining allegations are denied as conclusions of law to which no responsive pleading is required.

5. Denied as a conclusion of law to which no responsive pleading is required.

6. Admitted in part, denied in part. It is admitted that both at present, and at all times material hereto, Home Depot owned, operated, and maintained the building as a Home Depot store on this premises.. The remaining allegations are denied as conclusions of law to which no responsive pleading is required.

7. Admitted in part, denied in part. It is admitted that both at present, and at all times material hereto, Home Depot owned the building on this premises. The remaining allegations are denied as a conclusion of law to which no responsive pleading is required. To the extent a further answer, however, may be required after reasonable investigation, Home Depot is without knowledge or information sufficient to form a belief as to the truth of the averments contained herein and therefore denies same and demands strict proof thereof, if material, at the time of trial. By way of further answer, it is denied that the accident more particularly described herein and/or

Plaintiffs' resulting damages and/or injuries, if any, was, or were, due to any act or omission on the part of Home Depot.

8. Denied as a conclusion of law to which no responsive pleading is required.

9. Denied as a conclusion of law to which no responsive pleading is required. To the extent a further answer, however, may be required after reasonable investigation, Home Depot is without knowledge or information sufficient to form a belief as to the truth of the averments contained herein and therefore denies same and demands strict proof thereof, if material, at the time of trial.

10. Denied as a conclusion of law to which no responsive pleading is required. To the extent a further answer, however, may be required after reasonable investigation, Home Depot is without knowledge or information sufficient to form a belief as to the truth of the averments contained herein and therefore denies same and demands strict proof thereof, if material, at the time of trial.

11. Denied as a conclusion of law to which no responsive pleading is required.

12. Denied. After reasonable investigation, Home Depot is without knowledge or information sufficient to form a belief as to the truth of the averments contained herein and therefore denies same and demands strict proof thereof, if material, at the time of trial.

13. Denied. After reasonable investigation, Home Depot is without knowledge or information sufficient to form a belief as to the truth of the averments contained herein and therefore denies same and demands strict proof thereof, if material, at the time of trial.

14. Denied. After reasonable investigation, Home Depot is without knowledge or information sufficient to form a belief as to the truth of the averments contained herein and therefore denies same and demands strict proof thereof, if material, at the time of trial.

15. Denied. After reasonable investigation, Home Depot is without knowledge or information sufficient to form a belief as to the truth of the averments contained herein and therefore denies same and demands strict proof thereof, if material, at the time of trial.

16. Denied. After reasonable investigation, Home Depot is without knowledge or information sufficient to form a belief as to the truth of the averments contained herein and therefore denies same and demands strict proof thereof, if material, at the time of trial.

17. Denied as a conclusion of law to which no responsive pleading is required. To the extent a further answer, however, may be required after reasonable investigation, Home Depot is without knowledge or information sufficient to form a belief as to the truth of the averments contained herein and therefore denies same and demands strict proof thereof, if material, at the time of trial.

18. Denied. After reasonable investigation, Home Depot is without knowledge or information sufficient to form a belief as to the truth of the averments contained herein and therefore denies same and demands strict proof thereof, if material, at the time of trial.

19. Denied. All allegations of negligence, as detailed herein, on the part of Home Depot are denied. By way of further answer, it is averred that the allegations of negligence constitute conclusions of law requiring no further responsive pleading. To the extent a further answer, however, may be required after reasonable investigation, Home Depot is without knowledge or information sufficient to form a belief as to the truth of the averments contained herein and therefore denies same and demands strict proof thereof, if material, at the time of trial.

20. Denied as a conclusion of law to which no responsive pleading is required. To the extent a further answer, however, may be required after reasonable investigation, Home Depot is without knowledge or information sufficient to form a belief as to the truth of the averments contained herein and therefore denies same and demands strict proof thereof, if material, at the

time of trial. By way of further answer, it is denied that the accident more particularly described herein and/or Plaintiffs' resulting damages and/or injuries, if any, was, or were, due to any act or omission on the part of Home Depot.

21. Denied as a conclusion of law to which no responsive pleading is required. To the extent a further answer, however, may be required after reasonable investigation, Home Depot is without knowledge or information sufficient to form a belief as to the truth of the averments contained herein and therefore denies same and demands strict proof thereof, if material, at the time of trial. By way of further answer, it is denied that the accident more particularly described herein and/or Plaintiffs' resulting damages and/or injuries, if any, was, or were, due to any act or omission on the part of Home Depot.

22. Denied as a conclusion of law to which no responsive pleading is required. By way of further answer, it is denied that the accident more particularly described herein and/or Plaintiffs' resulting damages and/or injuries, if any, was, or were, due to any act or omission on the part of Home Depot.

## COUNT I

23. Home Depot incorporates by reference its answers and defenses submitted in response to paragraphs 1 through 22 and makes them a part hereof as though they were more fully set forth at length herein.

24. Admitted in part, denied in part. It is admitted that both at present, and at all times material hereto, Home Depot owned the building on this premises; however, after reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained herein and therefore deny same and demand strict proof thereof, if material, at the time of trial. The remaining allegations are denied as conclusions of law to which no responsive pleading is required.

25. Denied as a conclusion of law to which no responsive pleading is required. To the extent a further answer, however, may be required after reasonable investigation, Home Depot is without knowledge or information sufficient to form a belief as to the truth of the averments contained herein and therefore denies same and demands strict proof thereof, if material, at the time of trial.

26. Denied as a conclusion of law to which no responsive pleading is required. To the extent a further answer, however, may be required after reasonable investigation, Home Depot is without knowledge or information sufficient to form a belief as to the truth of the averments contained herein and therefore denies same and demands strict proof thereof, if material, at the time of trial.

27. Denied. All allegations of negligence and carelessness, as detailed herein, on the part of Home Depot are denied. By way of further answer, it is averred that the allegations of negligence and carelessness constitute conclusions of law requiring no further responsive pleading. To the extent a further answer, however, may be required, Home Depot denies each and every one of the allegations contained in ¶27 i through x, inclusive, with strict proof to the contrary, if material, demanded at the time of trial. To the extent a further answer, however, may be required after reasonable investigation, Home Depot is without knowledge or information sufficient to form a belief as to the truth of the averments contained herein and therefore denies same and demands strict proof thereof, if material, at the time of trial. By way of further answer, it is denied that the accident more particularly described herein and/or Plaintiffs' resulting damages and/or injuries, if any, was, or were, due to any act or omission on the part of Home Depot.

28. Denied. All allegations of negligence, as detailed herein, on the part of Home Depot are denied. By way of further answer, it is averred that the allegations of negligence and carelessness constitute conclusions of law requiring no further responsive pleading. To the extent

a further answer, however, may be required, after reasonable investigation, Home Depot is without knowledge or information sufficient to form a belief as to the truth of the averments contained herein and therefore denies same and demands strict proof thereof, if material, at the time of trial. By way of further answer, it is denied that the incident more particularly described herein and/or Plaintiff's resulting damages and/or injuries, if any, was, or were, due to any act or omission on the part of Answering Defendant.

29. Denied as a conclusion of law to which no responsive pleading is required. To the extent a further answer, however, may be required after reasonable investigation, Home Depot is without knowledge or information sufficient to form a belief as to the truth of the averments contained herein and therefore denies same and demands strict proof thereof, if material, at the time of trial. By way of further answer, it is denied that the accident more particularly described herein and/or Plaintiffs' resulting damages and/or injuries, if any, was, or were, due to any act or omission on the part of Home Depot.

30. Denied as a conclusion of law to which no responsive pleading is required. To the extent a further answer, however, may be required after reasonable investigation, Home Depot is without knowledge or information sufficient to form a belief as to the truth of the averments contained herein and therefore denies same and demands strict proof thereof, if material, at the time of trial. By way of further answer, it is denied that the accident more particularly described herein and/or Plaintiffs' resulting damages and/or injuries, if any, was, or were, due to any act or omission on the part of Home Depot.

31. Denied as a conclusion of law to which no responsive pleading is required. To the extent a further answer, however, may be required after reasonable investigation, Home Depot is without knowledge or information sufficient to form a belief as to the truth of the averments contained herein and therefore denies same and demands strict proof thereof, if material, at the

time of trial. By way of further answer, it is denied that the fall more particularly described herein and/or Plaintiffs' resulting damages and/or injuries, if any, was, or were, due to any act or omission on the part of Home Depot.

32. Denied as a conclusion of law to which no responsive pleading is required. To the extent a further answer, however, may be required after reasonable investigation, Home Depot is without knowledge or information sufficient to form a belief as to the truth of the averments contained herein and therefore denies same and demands strict proof thereof, if material, at the time of trial. By way of further answer, it is denied that the fall more particularly described herein and/or Plaintiffs' resulting damages and/or injuries, if any, was, or were, due to any act or omission on the part of Home Depot.

33. Denied as a conclusion of law to which no responsive pleading is required. To the extent a further answer, however, may be required after reasonable investigation, Home Depot is without knowledge or information sufficient to form a belief as to the truth of the averments contained herein and therefore denies same and demands strict proof thereof, if material, at the time of trial. By way of further answer, it is denied that the fall more particularly described herein and/or Plaintiffs' resulting damages and/or injuries, if any, was, or were, due to any act or omission on the part of Home Depot.

34. Denied as a conclusion of law to which no responsive pleading is required. To the extent a further answer, however, may be required after reasonable investigation, Home Depot is without knowledge or information sufficient to form a belief as to the truth of the averments contained herein and therefore denies same and demands strict proof thereof, if material, at the time of trial. By way of further answer, it is denied that the fall more particularly described herein and/or Plaintiffs' resulting damages and/or injuries, if any, was, or were, due to any act or omission on the part of Home Depot.

WHEREFORE, Defendant, Home Depot U.S.A., Inc., demands that judgment be entered in its favor and against Plaintiffs, that Plaintiffs' Complaint be dismissed, with prejudice, and that said Defendant be awarded costs incurred in the defense of this action.

## COUNT II

35. Home Depot incorporates by reference its answers and defenses submitted in response to paragraphs 1 through 34 and makes them a part hereof as though they were more fully set forth at length herein.

36. Denied. All allegations of negligence, as detailed herein, on the part of Home Depot are denied. By way of further answer, it is averred that the allegations of negligence and carelessness constitute conclusions of law requiring no further responsive pleading. To the extent a further answer, however, may be required, Home Depot denies each and every one of the allegations contained in ¶36 a through e, inclusive, with strict proof to the contrary, if material, demanded at the time of trial. To the extent a further answer, however, may be required after reasonable investigation, Home Depot is without knowledge or information sufficient to form a belief as to the truth of the averments contained herein and therefore denies same and demands strict proof thereof, if material, at the time of trial. By way of further answer, it is denied that the fall more particularly described herein and/or Plaintiffs' resulting damages and/or injuries, if any, was, or were, due to any act or omission on the part of Home Depot.

37. Denied as a conclusion of law to which no responsive pleading is required. To the extent a further answer, however, may be required after reasonable investigation, Home Depot is without knowledge or information sufficient to form a belief as to the truth of the averments contained herein and therefore denies same and demands strict proof thereof, if material, at the time of trial. By way of further answer, it is denied that the accident more particularly described

herein and/or Plaintiffs' resulting damages and/or injuries, if any, was, or were, due to any act or omission on the part of Home Depot.

38. Denied as a conclusion of law to which no responsive pleading is required. To the extent a further answer, however, may be required after reasonable investigation, Home Depot is without knowledge or information sufficient to form a belief as to the truth of the averments contained herein and therefore denies same and demands strict proof thereof, if material, at the time of trial. By way of further answer, it is denied that the fall more particularly described herein and/or Plaintiffs' resulting damages and/or injuries, if any, was, or were, due to any act or omission on the part of Home Depot.

39. Denied as a conclusion of law to which no responsive pleading is required.

40. Denied as a conclusion of law to which no responsive pleading is required. To the extent a further answer, however, may be required after reasonable investigation, Home Depot is without knowledge or information sufficient to form a belief as to the truth of the averments contained herein and therefore denies same and demands strict proof thereof, if material, at the time of trial. By way of further answer, it is denied that the fall more particularly described herein and/or Plaintiffs' resulting damages and/or injuries, if any, was, or were, due to any act or omission on the part of Home Depot.

41. Denied as a conclusion of law to which no responsive pleading is required. To the extent a further answer, however, may be required after reasonable investigation, Home Depot is without knowledge or information sufficient to form a belief as to the truth of the averments contained herein and therefore denies same and demands strict proof thereof, if material, at the time of trial. By way of further answer, it is denied that the fall more particularly described herein and/or Plaintiffs' resulting damages and/or injuries, if any, was, or were, due to any act or omission on the part of Home Depot.

42. Denied as a conclusion of law to which no responsive pleading is required. To the extent a further answer, however, may be required after reasonable investigation, Home Depot is without knowledge or information sufficient to form a belief as to the truth of the averments contained herein and therefore denies same and demands strict proof thereof, if material, at the time of trial. By way of further answer, it is denied that the fall more particularly described herein and/or Plaintiffs' resulting damages and/or injuries, if any, was, or were, due to any act or omission on the part of Home Depot.

43. Denied as a conclusion of law to which no responsive pleading is required. To the extent a further answer, however, may be required after reasonable investigation, Home Depot is without knowledge or information sufficient to form a belief as to the truth of the averments contained herein and therefore denies same and demands strict proof thereof, if material, at the time of trial. By way of further answer, it is denied that the fall more particularly described herein and/or Plaintiffs' resulting damages and/or injuries, if any, was, or were, due to any act or omission on the part of Home Depot.

44. Denied as a conclusion of law to which no responsive pleading is required. To the extent a further answer, however, may be required after reasonable investigation, Home Depot is without knowledge or information sufficient to form a belief as to the truth of the averments contained herein and therefore denies same and demands strict proof thereof, if material, at the time of trial. By way of further answer, it is denied that the fall more particularly described herein and/or Plaintiffs' resulting damages and/or injuries, if any, was, or were, due to any act or omission on the part of Home Depot.

WHEREFORE, Defendant, Home Depot U.S.A., Inc., demands that judgment be entered in its favor and against Plaintiffs, that Plaintiffs' Complaint be dismissed, with prejudice, and that said Defendant be awarded costs incurred in the defense of this action.

## **COUNT III**

45. Home Depot incorporates by reference its answers and defenses submitted in response to paragraphs 1 through 44 and makes them a part hereof as though they were more fully set forth at length herein.

46. Admitted in part, denied in part. It is admitted that Plaintiff-wife is an adult individual and named plaintiff in the above-captioned matter; however, after reasonable investigation, Home Depot is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained herein and therefore deny same and demand strict proof thereof, if material, at the time of trial.

47. Denied. All allegations of negligence, as detailed herein, on the part of Home Depot are denied. By way of further answer, it is averred that the allegations of negligence and carelessness constitute conclusions of law requiring no further responsive pleading. To the extent a further answer, however, may be required, after reasonable investigation, Home Depot is without knowledge or information sufficient to form a belief as to the truth of the averments contained herein and therefore denies same and demands strict proof thereof, if material, at the time of trial. By way of further answer, it is denied that the incident more particularly described herein and/or Plaintiff's resulting damages and/or injuries, if any, was, or were, due to any act or omission on the part of Home Depot.

WHEREFORE, Defendant, Home Depot U.S.A., Inc., demands that judgment be entered in its favor and against Plaintiffs, that Plaintiffs' Complaint be dismissed, with prejudice, and that said Defendant be awarded costs incurred in the defense of this action.

**NEW MATTER**

48. Home Depot incorporates by reference its answers and defenses submitted in response to paragraphs 1 through 47 and makes them a part hereof as though they were more fully set forth at length herein.

49. Under all circumstances, the Complaint fails to state a claim upon which relief can be granted as against Home Depot.

50. Home Depot denies that it was guilty of any negligence or carelessness which was the proximate or direct cause of the alleged damages or injuries sustained by Plaintiffs.

51. Any injuries, losses, damages, deprivations or expenditures caused to or sustained by Plaintiffs were proximately or directly caused by the negligence, gross negligence, carelessness, recklessness or strict liability of person(s) or entity(ies), both named and unnamed, other than Home Depot, and over whom Home Depot exercised or had no control, nor the duty to control.

52. Any negligence or carelessness found to be attributable to Home Depot, which negligence or carelessness is denied, is offset by the greater comparative or contributory negligence on the part of Plaintiff, or of other third persons or entities, both named and unnamed.

53. Home Depot breached no duty which may have been owed to Plaintiff.

54. Plaintiffs' claims are barred in whole or in part by the applicable statute(s) of limitations.

55. Plaintiff assumed the risk of his injuries which limits and/or bars all claims asserted by Plaintiff.

56. Plaintiff's claims are barred in whole and/or in part by the applicable provisions of the Pennsylvania Comparative Negligence Act.

57. Plaintiffs' claims are barred by the applicable statute(s) of limitations.

58. Plaintiff was contributively negligent and such negligence constituted more than fifty (50%) percent of all causes leading to the alleged incident. Thus, Plaintiffs are not entitled to any relief as claimed herein.

59. Damages for delay are not appropriate against Home Depot. Accordingly, Plaintiffs are not entitled to same.

60. At no time material hereto did Home Depot cause, permit to be or remain on or about the premises a dangerous or defective condition, as alleged in the Complaint, causing an unreasonable risk of harm.

61. At no time material hereto did Home Depot have knowledge, actual or constructive, of any dangerous or defective condition, as alleged in the Complaint, existing on or about the premises.

62. At all times material hereto, to the extent responsible, Home Depot maintained the premises in a reasonably safe condition for public travel thereon.

63. Home Depot neither caused nor created any dangerous or defective condition existing on or about the premises.

64. The incident was caused by an unauthorized, unintended and/or improper use of the ramp and/or the failure on the part of Plaintiff to exercise reasonable and ordinary care, caution or vigilance in the unloading of the equipment.

65. At all times material hereto, Home Depot, to the extent responsible, provided adequate instructions and warnings concerning the unloading of equipment.

66. Plaintiff failed to follow the instructions and/or warnings governing the use of the ramp and the off-loading of equipment.

67. Plaintiffs' injuries, damages, expenditures, losses or deprivations, if any, were the result of an intervening or superseding cause.

68. It is denied that Plaintiffs' injuries, damages, or losses are causally related to incident more particularly described in the Complaint.

69. The Complaint is barred or limited by Plaintiffs' failure to mitigate damages.

70. Plaintiffs are estopped by their own actions and conduct from recovery against Home Depot; hence, Plaintiffs are barred from asserting any claims against Home Depot.

71. The incident more particularly described in the Complaint was not the foreseeable result of any act or omission on the part of Home Depot.

72. Plaintiffs' claims as against Home Depot, and any damages resulting therefrom, if any, are either barred or reduced under the Pa. Fair Share Act, 42 Pa.C.S.A. §7102.

73. Plaintiffs' alleged injuries, if any, were caused by pre-existing conditions and/or diseases processes and/or idiosyncrasies peculiar to Plaintiffs and were not caused by any act or omission on the part of Home Depot.

74. At all times material hereto, Home Depot acted with due care, and complied with all requirements, applicable laws, rules and/or guidelines which constitutes a complete defense to Plaintiffs' claims as against Home Depot.

75. Plaintiffs' alleged damages, if proven, do not exceed $75,000.00, exclusive of interest and costs.

76. Home Depot reserves the right to interpose such other defenses and/or objections to the allegations set forth in the Complaint as continuing investigation and discovery may disclose.

WHEREFORE, Defendant, Home Depot U.S.A., Inc., demands that judgment be entered in its favor and against Plaintiffs, that Plaintiffs' Complaint be dismissed, with prejudice, and that said Defendant be awarded costs incurred in the defense of this action.

>Respectfully submitted,
>
>CHARTWELL LAW
>
>BY: *J. Grant Stringham*
>J. GRANT STRINGHAM, ESQUIRE
>Attorney for Defendant,
>Home Depot U.S.A., Inc.,

Griffin (84800)/Pleadings/HD Answer, NM

CHARTWELL LAW
BY:  J. GRANT STRINGHAM, ESQUIRE
I.D. No. 319317
One Logan Square
130 No. 18th Street, 26th Floor
Philadelphia, PA  19103           Attorney for Defendant,
(215) 972-7006                    Home Depot U.S.A., Inc.

_____

| J. MICHAEL GRIFFIN and SANDY GRIFFIN, h/w | : | ALLEGHENY COUNTY COURT OF COMMON PLEAS |
|---|---|---|
| v. | : | NO. GD-21-003056 |
| HOME DEPOT U.S.A., INC. t/d/b/a THE HOME DEPOT; and THE HOME DEPOT, INC. | : | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the answer and new matter of Defendant, Home Depot U.S.A., Inc. (misnamed above, in part, Home Depot U.S.A., Inc. t/d/b/a The Home Depot) ("Home Depot"), has been duly served upon the following by the Court's electronic filing system and electronic mail, on the date indicated below:

Patrick W. Murray, Esquire
SMT Legal
114 Smithfield Street
Pittsburgh, PA 15222
pmurray@smt.legal

CHARTWELL LAW

Dated: April 15, 2022                BY: *J. Grant Stringham*
                                     J. GRANT STRINGHAM, ESQUIRE
                                     Attorney for Defendant,
                                     Home Depot U.S.A., Inc.

Griffin (84800)/Pleadings/Ans & NM – Cert of Service