IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL GRIFFIN, and SANDY GRIFFIN, | ) |
| Plaintiffs, | ) |
| v. | ) Civil Action No. 22-739 |
| HOME DEPOT U.S.A., INC. | ) Judge Nora Barry Fischer |
| Defendant. | ) |

**ORDER OF COURT**

AND NOW, this 20th day of May, 2022, upon consideration of Defendant Home Depot U.S.A.'s Notice of Removal and attachments, (Docket No. 1), including Plaintiffs Michael and Sandy Griffin's Complaint, Defendant's Answer and New Matter, and Plaintiffs' Reply, (Docekt Nos. 1-1; 1-2; 1-3), Defendant's admission that the Notice of Removal was not filed within thirty days of its receipt of the Complaint in this matter and Defendant's position that the removal is timely under the exception at 28 U.S.C. § 1446(b)(3) as it allegedly could not ascertain that the amount in controversy exceeded the jurisdictional threshold of $75,000 until it received Plaintiff's Reply on April 26, 2022 and removed the case within 30 days of its receipt of that "other paper," as well as the relevant legal standards, *see e.g., Berry v. Wal-Mart Stores, L.P.*, 2022 WL 309177, at *2-5 (E.D. Pa. Feb. 2, 2022); *Boggs v. Harris*, 226 F. Supp. 3d 475, 488-89 (W.D. Pa. Dec. 22, 2016), the Court finds that Defendant's Notice of Removal is untimely and will remand the case back to the Court of Common Pleas of Allegheny County, forthwith.

In so holding, the Court notes that the Complaint pleads that the parties are diverse as it states that Plaintiffs reside in Pennsylvania, making them citizens of that state and Defendant is a citizen of both Delaware where it is incorporated and Georgia where it is headquartered. (Docket No. at ¶¶ 1, 3). Hence, the remaining issue as to the timeliness of the instant removal under §

1

1446(b)(1) depends on whether the Complaint sufficiently alleges the amount in controversy. (*Id.*). To that end,

> [t]he complaint need not state a dollar amount to put a defendant on notice that the amount in controversy exceeds $75,000[…]. *McMillan v. Wilkie Trucking Inc.*, No. 13-7104, 2014 WL 695583, at *2 (E.D. Pa. Feb. 21, 2014). "Rather, the 30–day period begins to run when a defendant can reasonably and intelligently conclude that the amount in controversy exceeds the jurisdictional minimum." *Johnson v. Tesla Motors, Inc.*, No. 13–5106, 2013 WL 5834442, at *2 (E.D. Pa. Oct. 30, 2013). The burden is on the removing party "to assess and ascertain the amount in controversy within the 30-day time limit for removal provided in Section 1446(b)." *Russo v. Wal-Mart Stores E., L.P.*, No. 17-454, 2017 WL 1832341, at *2.

*Berry v. Wal-Mart Stores, E., L.P.*, No. CV 21-3496, 2022 WL 309177, at *4 (E.D. Pa. Feb. 2, 2022). "[W]here the demand for damages is expressed in an indeterminate value, 'the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated.'" *Id.* at *6 (quoting *McMillan*, 2014 WL 695583, at *3). Relevant here:

> [i]n calculating the amount in controversy, [the Court] must determine whether "the plaintiff's actual monetary demands in the aggregate exceed the [jurisdictional] threshold, irrespective of whether the plaintiff states that the demands do not." [*Morgan v. Gay*, 471 F.3d 469, 474–75 (3d Cir. 2006)]. In making that determination, [the Court] aggregate[s] the claims brought by one plaintiff against one defendant, [*see Werwinski v. Ford Motor Co.*, 286 F.3d 661, 666 (3d Cir. 2002)] ("[C]laims, whether related or unrelated, of a single plaintiff against a single defendant may be aggregated.").

*Sciarrino v. State Farm Fire & Cas. Co.*, 476 F. Supp. 3d 91, 98 (E.D. Pa. 2020).

At the outset, Defendant erroneously asserts that "Plaintiffs filed this matter in the major jury program, seeking damages in excess of $50,000.00, exclusive of interest and costs," (Docket

No. 1 at ¶ 6), and misinterprets the amounts demanded in the ad damnum clauses of the Complaint.[1] In this regard, Plaintiffs' Complaint sets forth three separate counts against Defendant, each of which seeks a judgment "in an amount in excess of, and not within, the jurisdictional arbitration limits of the Allegheny County Court of Common Pleas Arbitration Division." (Docket No. 1-1 at 10, 12-13). As this Court has noted previously, $35,000 is the jurisdictional arbitration limit in Allegheny County. *See Nat'l Liab. & Fire Ins. Co. v. Brimar Transit, Inc.*, No. CV 18-1129, 2018 WL 6325178, at *2 (W.D. Pa. Dec. 4, 2018) (citing Allegheny County Arbitration Court Manual 10-2.4(1)(a) (2017), available at https://www.alleghenycourts.us/civil/arbitration.aspx.) ("The Court takes judicial notice that the arbitration limits of the Court of Common Pleas of Allegheny County is $35,000."). As such, Defendant's position that the Complaint sets forth an open-ended demand for damages in excess of $50,000 is overruled. Rather, the proper interpretation of Plaintiffs' Complaint is that they are collectively demanding judgment in an amount in excess of $105,000 (i.e., Mr. Griffin is demanding in excess of $70,000 for Defendant's negligence in causing the accident and failure to train its employees and his spouse is seeking in excess of $35,000 for loss of consortium). (Docket No. 1).

Beyond the mischaracterization of the Plaintiffs' monetary demands, Defendant has failed to demonstrate that the allegations concerning the severity of Mr. Griffin's injuries and the types of damages he has claimed were insufficient for it to "reasonably and intelligently conclude" that the amount in controversy did not exceed the jurisdictional threshold. *See Berry*, 2022 WL 309177, at *4. "Generally, where severe injuries are noted along with pain and suffering, this is sufficient to place a defendant on notice that the amount in controversy exceeds $75,000." *Id*. at

---

[1] The Court notes that it appears that Defendant's erroneous reference to the "major jury program" possibly refers to the major jury program in the Court of Common Pleas of Philadelphia County. *See e.g., Buck v. Wal-Mart Associates*, 2005 WL 3508622 (E.D. Pa. Dec. 22, 2005); Day Forward/Major Jury Program available at: https://www.courts.phila.gov/pdf/manuals/civil-trial/day-forward-major-jury.pdf (last visited 5/20/22).

*5 (citing *Russo v. Wal-Mart Stores E., L.P.*, No. 17-454, 2017 WL 1832341, at *2 (M.D. Pa. May 8, 2017)). Here, Plaintiffs contend that Mr. Griffin was a patron at Defendant's Allison Park store and was attempting to move a heavy piece of equipment on wheels from his own personal trailer via a 6-foot ramp when Defendant's employee climbed onboard the trailer, despite being told by Mr. Griffin not to do so and that the assistance was not needed. (Docket No. 1-1 at ¶¶ 10-22). The actions of Defendant's employee caused Mr. Griffin to fall and the equipment to land on top of him and resulted in him sustaining serious and permanent injuries. (*Id.*). He sustained all of the following injuries:

> a) cerebral concussion; b) head pain; c) left AC Joint Separation with complete rotator cuff tear; d) left biceps tendon rupture; e) acute pain of left shoulder; f) adhesive capsulitis of the left shoulder; g) left side pain; h) left arm pain; i.) left arm abrasions; j.) chronic left shoulder pain; k) decreased range of motion, left shoulder; l.) decreased strength, left shoulder; and, m.) other potential serious and/or permanent damage.

(*Id*. at ¶¶ 28, 38). As a result of these injuries, Mr. Griffin required medical attention, underwent "multiple surgeries," and will need additional procedures and treatment in the future such that he will continue to expend money and incur expenses for same. (*Id*. at ¶¶ 30-31, 40-41). He also suffered a loss of earnings and asserts that his future earnings have been impaired. (*Id*. at ¶¶ 32, 42). He likewise claims that he suffered "severe physical pain, mental anguish, humiliation and loss of enjoyment of life's pleasures." (*Id*. at ¶¶ 33, 43). Thus, Plaintiffs' damages include Mr. Griffin's past and future medical expenses; loss of earnings and impairment of future earning capacity; as well as pain and suffering. (*Id*. at ¶¶ 28-44; 38-43). They likewise seek damages for Mrs. Griffin's expenses related to her "husband's medical treatment and care, medical supplies, rehabilitation, medicines, and other attendant services" as well as her loss of his "services, assistance and companionship." (*Id*. at ¶¶ 47).

4

As in *Berry*, the Court finds that Plaintiffs' Complaint is not a bare bones pleading from which Defendant could not ascertain that the damages sought were in excess of the jurisdictional amount. *Berry*, 2022 WL 309177, at *6 ("where a complaint only contains general, boilerplate allegations of injury, such allegations are insufficient to inform a defendant that the plaintiff is seeking damages beyond the jurisdictional minimum."). Rather, the Court holds that the detailed allegations of the nature and severity of the injuries and the types of damages claimed, coupled with demands of more than $35,000 at each of the three counts (i.e., more than $70,000 demanded by Mr. Griffin and more than $35,000 demanded by Mrs. Griffin) plainly put Defendant on notice that the case was subject to removal at the outset. *Id*. Given same, pursuant to 28 U.S.C. § 1446(b)(1), any notice of removal was required to be filed within 30 days of April 4, 2022 such that Defendant's Notice of Removal submitted on May 18, 2022 is untimely and the case must be remanded.

ACCORDINGLY, IT IS HEREBY ORDERED that, pursuant to 28 U.S.C. § 1447(c) this case is REMANDED to the Court of Common Pleas of Allegheny County, forthwith;

IT IS FURTHER ORDERED that the Clerk of Court shall mark this case CLOSED and send a certified copy of this Order to the Prothonotary of the Court of Common Pleas of Allegheny County, forthwith.

                                              *s/Nora Barry Fischer*
                                              Nora Barry Fischer
                                              Senior U.S. District Judge

cc/ecf: All counsel of record.

       Prothonotary, Court of Common Pleas of Allegheny County